No. 26-1503

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

## AMERICAN ACADEMY OF PEDIATRICS, et al.
### Plaintiffs-Appellees,
### v.
## ROBERT F. KENNEDY JR., et al.
### Defendants-Appellants.

_____

On Appeal from the United States District Court
for the District of Massachusetts

## PLAINTIFFS- APPELLEES' OPPOSITION TO APPELLANTS' MOTION TO EXPEDITE APPEAL AND FOR EXPEDITED BRIEFING SCHEDULE

## PLAINTIFFS-APPELLEES' RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Plaintiffs-Appellees submit this Disclosure Statement Pursuant to Federal Rules of Appellate Procedure 26.1:

1.	Plaintiff–Appellee American Academy of Pediatrics is a non-profit corporation, has no parent corporation, and no publicly-held corporation owns any interest in the American Academy of Pediatrics.

2.	Plaintiff–Appellee American College of Physicians has no parent corporation, and no publicly-held corporation owns any interest in American College of Physicians.

3.	Plaintiff–Appellee American Public Health Association is a 501(c)(3) nonprofit membership organization, has no parent corporation, and no publicly-held corporation owns any interest in American Public Health Association.

4.	Plaintiff–Appellee Infectious Diseases Society of America is a non-profit corporation, has no parent corporation, and no publicly-held corporation owns any interest in Infectious Diseases Society of America.

5.	Plaintiff–Appellee Massachusetts Public Health Association is a nonprofit corporation, has no parent corporation, and no publicly-held corporation owns any interest in Massachusetts Public Health Association.

6.      Plaintiff–Appellee Society for Maternal-Fetal Medicine is a non-profit corporation, has no parent corporation, and no publicly-held corporation owns any interest in Society for Maternal-Fetal Medicine.

7.      Plaintiff–Appellee Massachusetts Chapter of the American Academy of Pediatrics is a non-profit corporation, is a member chapter of the American Academy of Pediatrics, and no publicly-held corporation owns any interest in Massachusetts Chapter of the American Academy of Pediatrics.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................1

ARGUMENT ................................................................................................3

I.   Appellants Have Not Shown Good Cause to Expedite the Briefing Schedule ....................................................................................................3

II.  Ordinary Appellate Review Will Not Moot the Government's Rights or This Litigation..................................................................................5

III. The Appellants' Claimed Urgency Is Self-Inflicted.........................6

IV.  Appellants Have Not Shown That ACIP is Legally Required to Vote on Appellants' Preferred Timeline ........................................................8

V.   Expediting the Briefing Here Would Prejudice Plaintiffs and Disserve the Public Interest ..............................................................................9

VI.  Appellants' Legal Arguments Do Not Justify Expediting the Briefing Schedule.........................................................................................10

CONCLUSION ............................................................................................12

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT..................15

CERTIFICATE OF SERVICE ............................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alabama-Tombigbee Rivers Coal. v. Dep't of Interior*,
26 F.3d 1103 (11th Cir. 1994) ...........................................................................11

*Providence Journal v. Federal Bureau of Investigation*,
595 F.2d 889 (1st Cir. 1979) ...............................................................................5

*Union of Concerned Scientists v. Wheeler*,
954 F.3d 11 (1st Cir. 2020) ...............................................................................10

*Western Organization of Resource Councils v. Bernhardt*,
362 F. Supp. 3d 900 (D. Mont. 2019)................................................................11

**Other Authorities**

Executive Order No. 14,407, 91 Fed. Reg. 33,575 (June 3, 2026).........................11

## INTRODUCTION

On March 16, 2026, Judge Murphy entered an order staying three discrete actions by Defendants-Appellants: (1) he stayed a final agency action by the Centers for Disease Control and Prevention ("CDC") on January 5, 2026, that bypassed the Advisory Committee on Immunization Practices ("ACIP") that unilaterally changed the CDC's childhood immunization schedule; (2) he stayed the appointments of thirteen members of the Advisory Committee on Immunization Practices ("ACIP"); and (3) he stayed all votes taken by the ACIP as comprised of members appointed on June 11, 2025, September 11, 2025, and January 13, 2026. District Ct. Dkt. No. 291 at 45. Appellants motion to expedite an appeal of the stay of the ACIP appointments should be denied because they have not shown good cause for extraordinary appellate treatment.

The Appellants waited six and a half weeks (44 days) before filing a Notice of Appeal on April 29, 2026 from Judge Murphy's March 16 Order. They then waited another six and half weeks (44 days) before filing the instant motion to expedite the briefing schedule. Appellants thus **_waited three months_** to seek expedition of this appeal and offer no explanation for why they waited so long. Their motion rests on a contrived manufactured sense of urgency, not on any showing that its appellate rights will be lost, that the appeal will become moot, or that ordinary appellate review will deprive this Court of the ability to grant effective relief.

The regular appellate review process will not moot this appeal. It will not extinguish any government right. It will not prevent Appellants from pursuing their standing, final agency action, Federal Advisory Committee Act, ("FACA"), or remedial arguments. It will merely prevent Appellants from using a self-created crisis to rush reinstatement of unlawful appointments.

Furthermore, Appellants purported concern that the upcoming respiratory virus season warrants expedition of this appeal is a red herring. Vaccine manufacturers have already prepared updated versions of the annual flu shot, as they normally do, for the Fall 2026/Winter 2027 respiratory virus season.[1] Sanofi, a vaccine manufacturer, reported to CIDRAP News that production for the annual flu shot already has started.[2]

Insurers have promised that they "will continue covering all ACIP-recommended immunizations with no cost-sharing through the end of 2027."[3] Americans will thus have access to flu shots this Fall even if this appeal is still pending.

---

[1] "Flu vaccine production starts 6-9 months before distribution, which occurs in phases, ending by early December." *see* https://www.cdc.gov/flu/hcp/vaccine-supply/vaxadmin.html; FDA informed manufacturers of the FDA-approved seasonal influenza vaccines on March 12, 2026 *see* https://www.fda.gov/vaccines-blood-biologics/vaccines/influenza-vaccine-composition-2026-2027-us-influenza-season; https://www.theatlantic.com/health/2026/06/flu-vaccine-acip/687466/

[2] https://www.cidrap.umn.edu/influenza-vaccines/fda-vaccine-advisers-meet-recommend-strains-fall-flu-shots

[3] https://www.ahip.org/news/press-releases/ahip-statement-on-vaccine-coverage

Finally, if the Secretary truly is concerned about reconstituting the ACIP before the upcoming respiratory virus season, there are two simple solutions to the problems he has created: (1) he could appoint legitimate, qualified, credible members to the ACIP; (2) he could follow the ACIP Charter, which provides that "[i]f fewer than a quorum of ACIP members are eligible to vote … the DFO [designated federal officer], or designee, shall have the authority to temporarily designate the ex-officio members as voting members."[4]

Appellants' motion should be denied.

## ARGUMENT

### I. Appellants Have Not Shown Good Cause to Expedite the Briefing Schedule

The Appellants bear the burden of showing good cause for an extraordinary schedule. They have not done so.

The central assertion of their motion is that the appeal will be "overtaken by events" unless expedited. That assertion is wrong. Appellants seek review of the district court's stay of thirteen ACIP appointments. The validity of that stay will remain live whether the appeal proceeds on Appellants' preferred schedule or in the ordinary course. A later appellate decision can still determine whether the district court acted properly. A later appellate decision can still grant appropriate relief if

---

[4] *See* https://www.federalregister.gov/documents/2026/05/19/2026-10012/advisory-committee-on-immunization-practices-acip-notice-of-charter-re-establishment

Appellants prevail. Nothing about the ordinary schedule moots the government's appellate arguments or deprives this Court of jurisdiction.

The Appellants do not identify any legal right that will expire absent expedition. They do not identify any statutory deadline by which their challenged appointees must be restored. They do not identify any ACIP vote that federal law requires by a date certain. They do not identify any claim or defense that will become unavailable if this appeal proceeds normally. Instead, Defendants purport to invoke a generalized public health urgency and then insist that the only solution is expedited consideration of the Secretary's unlawful appointments to the ACIP. That is not a showing of good cause. It is an attempt to shift blame for the Secretary's own choices and to benefit from those choices.

The Secretary has lawful options available to him now. He may appoint credible, qualified, balanced ACIP members who comply with FACA and with the published ACIP Membership Balance Plan.[5] He may use lawful interim mechanisms contained in ACIP's charter while a quorum is unavailable. He may restore a functioning vaccine recommendation process without asking this Court to revive unlawful appointments. What he may not do is refuse those lawful paths and then claim that the resulting dysfunction requires emergency appellate relief.

---

[5] The Membership Balance Plan is available at: https://gsa-geo.my.salesforce.com/sfc/p/#t0000000Gyj0/a/3d000002n0y5/SCRGimkNFsTsAtm1GcT4Gu7TM88BO3PwKJZhrdHKkFg

Judge Murphy's order did not prohibit a lawfully constituted ACIP from meeting. The Secretary has lawful ways to restore ACIP. He wants only the unlawful one.

## II. Ordinary Appellate Review Will Not Moot the Government's Rights or This Litigation

The government's mootness argument is not really about mootness. It is about speed. Nothing material to this appeal will disappear if the Court follows its established schedule. The challenged order will remain reviewable. The government's arguments will remain available. The legal questions Defendants seek to present—standing, final agency action, the scope of FACA review, and remedy—will remain justiciable. This Court will retain full authority to affirm, reverse, modify, or remand. *See, e.g., Providence Journal v. Federal Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979).

Appellants' assertion that the appeal may be "overtaken by events" conflates policy preference with legal mootness. Public health events will continue to occur, as they always do. FDA may consider or license products. Professional societies may issue guidance on the administration of vaccines, and many have done so. Insurers and public programs may make operational decisions. Physicians may counsel patients. And the vaccine recommendations published by the CDC prior to 2025 have not been enjoined or stayed. None of that moots the question whether the district court properly stayed the Secretary's ACIP appointments.

Nor would the passage of time deprive Appellants of effective relief. If Appellants ultimately prevail, the Court may reverse the appointment stay. If they do not, then expedition would only have accelerated an effort to restore an unlawfully constituted committee and further destabilize vaccine policy. Either way, ordinary appellate review preserves the parties' rights and this Court's ability to decide the appeal.

This point is particularly important because Appellants' own motion confirms the limited scope of this appeal. They are appealing only the stay of the appointments. Appellants do not seek review here of the district court's stays of the January 5 Decision Memo or the stayed ACIP votes. And the pre–January 5, 2026 immunization schedule remains in place regardless of this appeal. Thus, even expedited reversal would not deliver the sweeping restoration Defendants imply. It would merely revive the Secretary's challenged appointees while the rest of the district court's preliminary relief remains intact.

That is not a basis for emergency treatment.

## III. The Appellants' Claimed Urgency Is Self-Inflicted

Appellants' motion repeatedly suggests that the district court has paralyzed ACIP. That framing is misleading. The district court did not forbid the Secretary from establishing or maintaining a lawful ACIP. It stayed thirteen appointments that were likely unlawful.

The Secretary can solve the asserted quorum problem without this appeal. He can appoint legitimate members. He can select trusted experts. He can comply with FACA and with a Membership Balance Plan. He can restore public confidence by reconstituting ACIP lawfully rather than insisting on the return of appointees whose selection process the district court found tainted.

The Secretary's motion ignores those options because they do not give the Secretary what he wants: the return of his prior cadre of appointees and the ability to continue reshaping vaccine policy through an illegitimate committee. However, a self-inflicted urgency is not good cause. Courts do not expedite appeals merely because a party prefers a faster path to undoing preliminary relief. That is especially true where the party urging acceleration waited three months before seeking expedition of this appeal and has available lawful means to address the asserted harm.

Here, the Secretary's choices created the problem. He dismantled trust in the vaccine recommendation process. He reconstituted ACIP in violation of law. He refused to cure the problem by appointing a lawful committee. He then delayed three months before seeking expedited review from this Court and gave no reason for that delay. He now alleges that a crisis has emerged and asks this Court to treat the consequences of those choices as an emergency.

The Court should decline that invitation.

**IV. Appellants Have Not Shown That ACIP is Legally Required to Vote on Appellants' Preferred Timeline**

Appellants seek to revive their arguments by pointing to the approaching respiratory virus season, possible FDA action, and the annual cadence of influenza recommendations. However, they fail to identify any legal requirement that ACIP vote on a particular vaccine by a particular date.

ACIP has no freestanding legal obligation to vote merely because FDA considers or licenses a vaccine. Even where statutory provisions may require ACIP to consider a matter in certain circumstances, consideration is not the same as a mandatory recommendation. And it is certainly not a command to convene or rely upon an unlawfully constituted committee.

Appellants' argument is an exercise in trying to prove too much. If the Secretary's own failure to constitute a lawful ACIP creates operational difficulty, that failure belongs to the Secretary. It does not entitle him to reap the benefit of an expedited reinstatement of unlawful appointees.

Plaintiffs do not dispute that vaccine policy matters. They do not dispute that respiratory virus immunization recommendations matter. They do not dispute that the public health infrastructure in the United States depends on clarity. But Appellants cannot establish good cause by pointing to important policy questions and then insisting that those questions be answered by an illegitimate committee.

In the interim, the public has ample, evidence-based guidance. Existing schedules remain in place. Physicians, public health programs, insurers, and patients may rely on established immunization infrastructure, guidance from professional medical and public health organizations, and trusted experts. That interim approach is far preferable to allowing the Secretary to resume destruction of vaccine policy and vaccine confidence through an unlawful ACIP.

**V.     Expediting the Briefing Here Would Prejudice Plaintiffs and Disserve the Public Interest**

The Appellants seek a compressed appellate schedule in a case involving the integrity of the national vaccine recommendation process, the lawful composition of a federal advisory committee, and the public's confidence in science-based immunization policy. These are not issues that should be rushed merely because the Secretary wants his appointees reinstated quickly.

The Secretary portrays expedition as neutral case management. It is not. Expedition would materially benefit Appellants by accelerating their effort to restore the challenged appointees before the full implications of their conduct can be presented through ordinary briefing. It would burden Plaintiffs, who represent pediatricians, public health professionals, patients, and families affected by the Secretary's actions. And it would disserve the public, which has a profound interest in vaccine recommendations developed through lawful, balanced, expert processes.

The public interest is not served by speed for speed's sake. It is served by legality, stability, expertise, full consideration, and trust.

Appellants invoke public health concerns while seeking to revive a committee whose composition has already undermined public confidence. Plaintiffs respectfully submit that the safer and more lawful interim path is to rely on existing schedules, established vaccine infrastructure, and guidance from trusted professional societies and experts while the Secretary either appoints a lawful ACIP or this appeal proceeds in the ordinary course.

## VI. Appellants' Legal Arguments Do Not Justify Expediting the Briefing Schedule

Appellants argue that the appeal presents substantial, purely legal questions warranting immediate review. But every appeal from preliminary relief presents legal questions. That does not automatically justify expedition.

Appellants' questions are not as clean or severable as they suggest. The district court's order was based on a voluminous record concerning the Secretary's reconstitution of ACIP, the qualifications and balance of the challenged appointees, the process by which they were selected, and the consequences for vaccine policy. Appellants seek to recast the case as an abstract threshold dispute about reviewability and standing, but that reframing does not create good cause for a rushed schedule.

Appellants state generically that any review of a FACA violation is not reviewable under the Administrative Procedure Act. This is not the case at all. *Union*

10

*of Concerned Scientists v. Wheeler*, 954 F.3d 11, 20 (1ˢᵗ Cir. 2020)(failure to maintain a fair balance on an advisory committee subject to FACA ("plausibly state claims for judicial review under the APA."); *see also Alabama-Tombigbee Rivers Coal. v. Dep't of Interior,* 26 F.3d 1103, 1107 (11th Cir. 1994); *Western Organization of Resource Councils v. Bernhardt*, 362 F. Supp. 3d 900 (D. Mont. 2019).

Nor is the existence of an Executive Order a basis for expediting review. Executive Order No. 14,407, 91 Fed. Reg. 33,575 (June 3, 2026) is not a final agency action: if anything, it only instructs the Secretary to take an action that has not yet occurred. That second part of the two-step procedure in the order would likely be a final agency action subject to APA review.

In any event, ordinary appellate review is fully adequate to address those issues. If Appellants believe the district court erred on standing, final agency action, or remedy, they may make those arguments in the usual course. They do not explain why those arguments become unavailable, less reviewable, or moot absent expedition.

The answer is that they do not.

## CONCLUSION

The Appellants have failed to show good cause to expedite the briefing schedule in this appeal. The motion to expedite should be denied.

Dated: June 15, 2026

Respectfully submitted,

By: /s/ Robert E. Wanerman
Robert E. Wanerman (1st Cir. No. 14799)
Richard H. Hughes, IV (1st Cir. No. 1219982)
William Walters (1st Cir. No. 1219983)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel: 202.861.0900
Fax: 202.296.2882
 Email: rwanerman@ebglaw.com
       rhhughes@ebglaw.com
       wwalters@ebglaw.com

Maurice A. Wells (1st Cir. No. 1223202)
EPSTEIN BECKER & GREEN, P.C.
250 West Street, Suite 300
Columbus, OH 43215
Tel: 614.872.2406
Fax: 614.633.1713
Email: mwells@ebglaw.com

James J. Oh (1st Cir. No. 1218788)
Kathleen Barrett (1st Cir. No.1216328)
EPSTEIN BECKER & GREEN, P.C.
227 West Monroe Street, Suite 4500
Chicago, IL 60606
Tel: 312.499.1400
Fax: 312.845.1998
Email: joh@ebglaw.com
       kbarrett@ebglaw.com

Elizabeth J. McEvoy (1st Cir. No. 1184726)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel: 617.603.1100
Fax: 617.249.1573
Email: emcevoy@ebglaw.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 2,302 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word using Times New Roman in 14-point font.

*/s/ Robert E. Wanerman*
Robert E. Wanerman

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2026, this motion was filed electronically through the Court's CM/ECF system. I understand that the Court's CM/ECF system will send notice of this filing to all registered counsel of record.

*/s/ Robert E. Wanerman*
Robert E. Wanerman