**[ORAL ARGUMENT REQUESTED]**

**No. 26-1503**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

---

AMERICAN ACADEMY OF PEDIATRICS, *et al.*
*Plaintiffs-Appellees,*

v.

ROBERT F. KENNEDY, JR., *et al.*
*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the District of Massachusetts

---

**DEFENDANTS-APPELLANTS' MOTION TO CALENDAR ORAL
ARGUMENT AT THE EARLIEST AVAILABLE DATE OR, IN THE
ALTERNATIVE, TO SUBMIT THE APPEAL FOR DECISION ON THE
BRIEFS**

---

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

EMILY MIMNAUGH
*Deputy Associate Attorney General*

MATTHEW C. ZORN
*Senior Counsel to the Associate
Attorney General*

Pursuant to Federal Rules of Appellate Procedure 2, 27, and 34, Defendants-Appellants ("the government") respectfully request that the Court calendar oral argument at the earliest available date. If the Court finds that argument cannot practicably be heard before its September 2026 session, the government respectfully requests, in the alternative, that the Court deem the appeal submitted for decision on the briefs. See Fed. R. App. P. 34(a), (f).

The parties' filings suggest submission on the briefs would be unopposed: Plaintiffs-Appellees "view oral argument as unnecessary," Resp. Br., Statement Regarding Oral Argument, and the government has asked for "argument at the Court's earliest convenience, or submission on the briefs if argument would delay decision," Reply Br. 1. Appellees' position on this motion is set out in the Conferral statement below. This Court has stated that "this matter will be resolved without undue delay." Order of June 16, 2026.

Finally, should the Court reach its disposition before its opinion is complete, the government respectfully suggests that judgment issue by order with opinion to follow, a course this Court has taken in other time-sensitive appeals of preliminary relief. *See, e.g., Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 10 (1st Cir. 2004).

# INTRODUCTION

This is an expedited appeal of a preliminary order restructuring a sitting Cabinet officer's exercise of the appointment function on a federal advisory committee. The question presented is not whether the prior committee should be reseated. Rather, it is whether the HHS Secretary may now reconstitute his own advisory committee, subject to APA review of the committee's downstream work, or whether the appointment function is instead to be supervised in the first instance by private plaintiffs and state attorneys general through preliminary relief orders under 5 U.S.C. § 705.

That question is fully briefed. The government moved to expedite this appeal on June 12, 2026, and the Court granted expedition on June 16. The government shortened its opening-brief time and filed its reply brief on July 21, six days before it was due. The last of the five amicus briefs supporting Appellees was docketed on July 31. Nothing remains but decision. And, as explained below, recent developments give the timing of that decision consequences beyond this Court's docket.

## BACKGROUND

**A. The district court has stayed proceedings on a schedule keyed to this Court's decision.**

On July 23, 2026, on the government's renewed motion, the district court stayed proceedings until September 3, 2026 pending this appeal. It ordered that the government's opposition to a pending motion to complete the administrative record be due on "the earlier of either three weeks from the day that the stay is lifted or three weeks from the day that the First Circuit issues its opinion," Ex. A (July 23, 2026 Hr'g Tr.) 43:12–16—running, the district court explained, from "when you first get it, not the rescript," *id.* 43:17–18. It added: "Even if we don't have an answer on September 3rd, I might very well lift the stay anyway with the anticipation that the answer would be forthcoming. While August is optimistic, I think sometime in September is probably in the ballpark." *Id.* 40:2–7. Plaintiffs' counsel, for their part, asked for a status conference "within a day or two" of this Court's decision—a request the district court called "more than fair." *Id.* 40:17–22.

The district court entered the stay noting that this Court's decision "could certainly narrow what's left of the case." *Id.* 37:16–18. If the stay lapses without a decision, what resumes is litigation over the administrative

record underlying the very count on appeal—proceedings the government urged, and the district court agreed, should await this Court's answer to the threshold questions now under advisement.[1]

**B.    A decision from this Court may end or narrow the litigation.**

Below, the government also explained what a decision from this Court makes possible. If the order below is reversed, the Secretary can reconstitute the committee—"a different ACIP, not the current ACIP," Ex. A 29:4–6— "mindful of everything th[e] [district] [c]ourt has said," *id.* 14:15–16, and the government anticipates that the agency "would be inclined to move the Court for a voluntary remand on at least some of the claims," *id.* 29:8–10; *see id.* 14:25–15:3 ("some of the case would be moot. Maybe the entire case would be moot."). The district court described that prospect as "not something that I'd, frankly, really contemplated before I read it in their paper." *Id.* 37:10–12. On the government's stated intentions, a decision from this Court is the first event in a sequence that can bring this litigation to an orderly close.

---

[1] Below, in opposing a stay, Plaintiffs' counsel described the administrative record underlying the appealed count as "ongoing because it is a live, organic body that continues to act." Ex. A 34:4–6.

**C.** **The new vaccine season is arriving, and unresolved litigation fuels legal uncertainties.**

On August 5, 2026, the Food and Drug Administration approved a new seasonal influenza vaccine for adults aged 50 and older, with availability expected for the 2026–2027 season.[2] The coverage architecture Congress built keys to recommendations of the Advisory Committee on Immunization Practices ("ACIP"): private insurers must cover, without cost sharing, immunizations "that have in effect a recommendation from the Advisory Committee on Immunization Practices," 42 U.S.C. § 300gg-13(a)(2), and Congress assigned the committee the role of establishing and periodically reviewing the pediatric vaccine list under the Vaccines for Children Program, *id.* § 1396s(c)(2)(B)(i). A newly licensed vaccine has no ACIP recommendation, and none can issue through the ordinary statutory process while the committee's composition remains in litigation limbo.

As amici States emphasize, "nearly 600 statutes and regulations across forty-nine states, territories, and Washington, D.C." incorporate ACIP

---

[2] *See FDA Approves Moderna's mRNA Flu Vaccine, the First to Use the Technology*, STAT News (Aug. 5, 2026), https://www.statnews.com/2026/08/05/fda-approves-moderna-mflusiva-first-mrna-flu-vaccine/.

recommendations by reference into scope-of-practice, school-entry, and insurance-coverage requirements. States Br. 13–14. Each month without a functioning recommendation process propagates legal uncertainty through insurance markets and state health codes—uncertainty that a decision from this Court, whichever way it runs, begins to resolve. Appellees assure this Court that access to flu vaccines this fall is secure regardless of this appeal. Resp. Br. 46–48 & nn.32–34. Whatever the force of those assurances, they are no substitute for the statutory coverage architecture Congress keyed to ACIP recommendations, which resumes ordinary operation only when the committee's composition is settled.

## D.    The decision will govern parallel multi-state litigation.

Fourteen States and the Governor of Pennsylvania, appearing here as amici, are plaintiffs in *Arizona v. Kennedy*, No. 3:26-cv-01609 (N.D. Cal.), which, in their words, "challenges three of the same actions that the plaintiffs in this case challenged," including "the reconstitution of the Advisory Committee on Immunization Practice[s] . . . at issue in this appeal." States Br. 1. Proceedings in that case, too, are being sequenced around this appeal. *See id.* at 6–7. Thus, two district courts now await this Court's decision. Prompt disposition serves judicial economy beyond this case.

**ARGUMENT**

**I.    The Court should submit the appeal on the briefs if that will prevent undue delay.**

In granting expedition, the Court stated that "[o]ral argument, to the extent deemed necessary, will be scheduled as soon as practicable after the completion of briefing, and this matter will be resolved without undue delay." Order of June 16, 2026. Briefing is complete.

If argument cannot be heard before the Court's September session, the parties' submissions permit the Court to take the appeal on the briefs now. Fed. R. App. P. 34(a)(2), (f). Appellees "view oral argument as unnecessary." Resp. Br., Statement Regarding Oral Argument. While the government believes argument could assist the Court, "the paramount consideration is a decision before the coming flu season." Reply Br. 1. The government has already agreed that the Court's argument calendar need not be a constraint on the timing of decision.

Submission on the briefs is a natural fit here for another reason: the dispositive threshold question is one of law, and the submissions converge to a remarkable degree. Every brief before the Court accepts that FACA's fair-balance requirement can be enforced through APA review of

7

downstream final agency action. *See* Gov't Br. 2, 19, 34; Reply Br. 4, 28; States Br. 22–23. What remains—whether anything more was reviewable, and whether it was remediable in the manner the district court chose—is fully aired in the briefs.[3]

Nor would prompt disposition prejudice Appellees. They have represented that "a decision on the appeal appears likely in August," Pls.' Opp. to Defs.' Renewed Mot. to Stay 1, ECF No. 334 (D. Mass. July 21, 2026), that "[a]t most, it seems, a stay of these proceedings would last about a month," *id.* at 5, and that they wish to appear for a status conference within days of this Court's decision, Ex. A 40:17–21. Every participant in this litigation has planned for a prompt decision.

---

[3] The submissions have narrowed the dispute considerably. Amici States, for example, distinguish *Union of Concerned Scientists v. Wheeler*, 954 F.3d 11 (1st Cir. 2020), on the ground that no "written directive, as in *Wheeler*," is present here. States Br. 4. The government agrees that is the difference: *Wheeler* involved a discrete, written, published directive. The briefs dispute only what follows from that difference. That question is legal, cleanly presented, and ready for decision. Amici's alternative submission is that the reconstitution "is reviewable even if it was an intermediate action." States Br. 22. Section 704 provides that agency action "not directly reviewable" is "subject to review on the review of the final agency action." 5 U.S.C. § 704. Whether that clause reaches an order restraining the intermediate action itself is likewise a purely legal question, fully presented.

**II.    If the Court reaches its disposition before its opinion is complete, judgment may enter with opinion to follow.**

Because the district court's deadlines run from "the day that you see the opinion," Ex. A 43:19–21, entry of judgment by brief order, with a fuller explication to follow, would permit the framework the district court has constructed to operate as designed. This Court has proceeded in that fashion in other time-sensitive appeals of preliminary relief. *See Bl(a)ck Tea Soc'y*, 378 F.3d at 10 ("We summarily affirmed the order on July 26, 2004 . . . . This opinion limns the basis for our ruling."). The government offers this suggestion respectfully, recognizing that the form and timing of the Court's disposition are matters for the Court alone.

## CONFERRAL

Counsel for the government conferred with counsel for Appellees on August 12, 2026. Appellees stated that they intend to respond to this motion and requested the opportunity to do so by August 18, 2026. The government does not oppose that request but respectfully asks, given the September 3 lapse of the district court's stay, that the Court resolve this motion promptly thereafter.

# CONCLUSION

The Court should calendar oral argument at the earliest available date or, if argument cannot practicably be heard before its September session, deem the appeal submitted for decision on the briefs. Should the Court reach its disposition before its opinion is complete, the government respectfully suggests that judgment issue by order with opinion to follow.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

EMILY MIMNAUGH
*Deputy Associate Attorney General*

/s/ Matthew C. Zorn
MATTHEW C. ZORN
*Senior Counsel to the Associate*
*Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

August 13, 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,875 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

/s/ Matthew C. Zorn

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ Matthew C. Zorn